**UNITED STATES of America, Appellee,**

v.

**Napoleon FINCHER and Henry W. Thomas, Appellants.**

**No. 72, Docket 31457.**

United States Court of Appeals Second Circuit.

Submitted Sept. 21, 1967.

Decided Feb. 15, 1968.

1. Miranda v. State of Arizona (Western v. United States of America) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

**604**

---

John R. Wing, Frank M. Tuerkheimer, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., S.D.N.Y., for appellee.

Herbert S. Siegal, New York City, for appellants.

Before WATERMAN, MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Appellants, defendants below, seek reversal of judgments of conviction entered against them after a one-day trial before a judge sitting without jury.

The information contained two counts. They were charged in the first count with being in the business of accepting and receiving wagers for and on behalf of a person so engaged and with having failed to pay the special wagering tax, and in the second count with, as persons liable to pay the special tax, failing to register with the Internal Revenue that they were so liable and were so engaged in the business of receiving wagers.

The Government's testimony conclusively showed that the defendants received wagers and that they had not paid the special wagering tax imposed under 26 U.S.C. § 4411, any tax under 26 U.S.C. § 4401, and had not registered pursuant to 26 U.S.C. §§ 4411, 4412. Defendants offered no evidence and moved to dismiss the information on the ground that the wagering tax and registration statutes which formed the basis of the information violated the privilege against self-incrimination assured to them by the Fifth Amendment. From the denial of this motion, a quite proper disposition of it at the time, Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955); United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1952), defendants appealed and presented the same contentions to us.

We reverse the judgments of conviction and remand with directions that judgments of acquittal be entered, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 Jan. 29, 1968; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 Jan. 29, 1968.